EDWIN A. BIRCHARD AND JOHN B. PAGE *v.* JAMES CHEEVER.

[IN CHANCERY.]

*Chancery. Jurisdiction.*

A suit in Chancery was brought in Chittenden county to compel the defendant to convey to the orators, as trustees, under the second mortgage, of the Rutland & Burlington R. R. Co., some real estate situated in Chittenden county received and held by the defendant for the benefit of the trust represented by the orators. One of the orators and the defendant lived in Boston, Mass.; the other orator lived in Rutland county. *Held,* that under the statute, sec. 17, ch. 29, Gen. Stat., the bill was properly dismissed by the Chancellor for want of jurisdiction.

BILL IN CHANCERY.

The opinion of the court was delivered by

BARRETT, J. The orator, Birchard, and the defendant reside in Boston, Mass. The orator, Page, resides in Rutland, in this state. The bill is brought to compel the defendant to convey to the orators, as trustees under the second mortgage of the Rutland and Burlington R.

Birchard et al. *v.* Cheever.

R. Co., some real estate situated in Burlington, which is alleged to have come into the hands of the defendant by force of the assignment of a decree of foreclosure to him, and a subsequent deed of the party owning and assigning said decree, which the said defendant received and holds for the benefit of the trust represented by the orators.

The defendant files his plea, stating the facts as to the residence of the parties, and avers the want of jurisdiction in the court of Chancery in and for Chittenden county. The record does not show any replication to the plea, but states that, upon hearing upon the bill and plea to the jurisdiction of the court, it is ordered and decreed, *pro forma,* that the bill be dismissed for want of jurisdiction.

The question presented in the argument is whether the court had jurisdiction, upon the facts brought upon the record; for in the present state of the pleadings, we do not feel called on to consider any question as to the technical sufficiency of the plea.

The statute seems to be conclusive on the subject. Sec. 17, ch. 29 is, " all suits in Chancery shall be brought and entered in court in the county within which one of the parties resides, if either party resides in this state." There is no exception to, or qualification of, this provision. The residue of the provision on this subject is only in respect to cases in which neither party resides in this state. The character or locality of the subject matter, does not affect the venue in case either party resides in this state. Sec. 10, ch. 33, in its provisions as to venue in cases in which railroad corporations are parties, applies only to actions or suits brought into the county or supreme courts. The only other provision on the subject is for the venue in suits brought before justices of the peace.

The provision of said sec. 17, ch. 29, precludes all other rule or usage on the subject, and when the objection is reasonably taken upon a state of facts that show the suit to have been brought in contravention of the statute on this subject, it is the duty of the court to entertain it, and give operation and effect to the law. The decree of the Chancellor is affirmed, and the case remanded accordingly.

*Levi Underwood,* for the orators.

*Hard & Shaw,* for the defendant.